THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 In The Interest
 of Tremaine H., A Juvenile Under The Age Of Seventeen, Appellant.
 
 
 
 
 

Appeal From Georgetown County
R. Wright Turbeville, Family Court Judge

Unpublished Opinion No. 2010-UP-336
 Submitted June 1, 2010  Filed June 29,
2010    

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Deborah R. J. Shupe, all of
 Columbia; and Solicitor John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Tremaine H. appeals being adjudicated
 delinquent for second-degree lynching, arguing the family court erred in
 refusing to direct a verdict in his favor on the charge because the State
 failed to prove the acts of violence emanated from a premeditated purpose or intent.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  S.C. Code Ann. § 16-3-220 (2003) (defining second-degree lynching
 as an act of violence inflicted by a mob upon an individual not resulting in
 the individual's death); S.C. Code Ann. § 16-3-230 (2003) (defining mob
 "as the assemblage of two or more persons, without color or authority of
 law, for the premeditated purpose and with the premeditated intent of
 committing an act of violence upon the person of another"); State v. Frazier,
 386 S.C. 526, 531, 689 S.E.2d 610, 613 (2010) (providing when reviewing the
 denial of a directed verdict motion, the appellate court views the evidence and
 all reasonable inferences in the light most favorable to the State and finding
 the denial of a directed verdict motion is proper when any direct evidence or
 substantial circumstantial evidence reasonably tending to prove the guilt of
 the accused exists); State v. Smith, 352 S.C. 133, 137-38, 572 S.E.2d
 473, 475-76 (Ct. App. 2002) (holding the State must produce some evidence of
 premeditated intent to sustain a conviction for lynching, premeditation cannot
 be spontaneous, and the State can establish the intent element of lynching
 through positive testimonial evidence or circumstantial inferences).
AFFIRMED.
KONDUROS, GEATHERS, and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.